**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2933

---

DEMETRIUS BAILEY,

Appellant

v.

CO I MARANO; CO MEGA; JOHNSON; CAPT. FORD; LT. BURNS; BEN ANSELL; CO I WORTSELL; CAPT. MUCCINO; M. J. MATTHEWS; MR. WARMAN; CONNER BLAINE; ROBERT BITNER; DR. KELLY; SUE TURNER; T. D. JACKSON; MR. STOWITZKY; MR. ROSSI; MR. DITTSWORTH; MR. HEWITT; LT. TUSTIN; RAYMOND STEWART; CO I ABEREGG; MAJ. HASSETT; LT. FORTE; MR. MCCRAE; MR. SPARBANIE; LT. GRAINEY; CO I VENOM; CAPT. LANTZ; MR. SEIVERLING; CO I KOVALCHUK

---

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 00-cv-00325)
District Judge: Honorable Arthur J. Schwab

---

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2006

BEFORE: McKEE, FUENTES and NYGAARD, CIRCUIT JUDGES

(Filed: January 9, 2006 )

---

OPINION

PER CURIAM

Demetrius Bailey appeals the District Court's order denying his motion filed pursuant to Fed. R. Civ. P. 60. Bailey filed a civil rights complaint in the District Court for the Western District of Pennsylvania. The District Court dismissed the complaint before service for failure to state a claim. On appeal, this Court affirmed the dismissal of Bailey's procedural due process and malicious prosecution claims but remanded the matter for further proceedings because Bailey had stated a claim of retaliation.[1] The parties consented to the Magistrate Judge exercising jurisdiction over the case. By order entered September 1, 2004, the Magistrate Judge granted summary judgment in favor of the appellees. Bailey filed objections which were treated as a notice of appeal. After Bailey informed the District Court that he did not intend to file a notice of appeal,[2] the Magistrate Judge construed the objections as a motion for reconsideration and denied the motion by order entered November 12, 2004. The Magistrate Judge informed Bailey that he had thirty days to appeal the order to this Court. On April 29, 2005, Bailey filed a motion pursuant to Fed. R. Civ. P. 60. The District Court denied the motion, and Bailey filed a timely notice of appeal.

---

[1] Contrary to Bailey's arguments, this Court did not find the causal connection element of his retaliation claim and remand the claim for a trial. Rather, it noted that Bailey had *alleged* a causal connection and had stated a claim.

[2] The appeal was dismissed for failure to pay the filing and docketing fees.

We have jurisdiction under 28 U.S.C. § 1291. The denial of a Rule 60(b) motion is an appealable order; however, the scope of the appeal does not include the underlying judgment. Browder v. Director of Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). Disposition of a motion under Rule 60(b) is within the discretion of the trial court, and the Court of Appeals may review the ruling only for an abuse of that discretion. Hodge v. Hodge, 621 F.2d 590, 593 (3rd Cir. 1980).

In his Rule 60 motion, Bailey argued that the District Court should have reviewed his objections to the Magistrate Judge's order granting summary judgment. However, Bailey consented to the Magistrate Judge trying the case. An appeal from the judgment of a Magistrate Judge in such a case is to the Court of Appeals. See Fed. R. Civ. P. 73(c); 28 U.S.C. § 636(c)(3). Bailey had the opportunity to appeal from the Magistrate Judge's September 1, 2004 order and explicitly chose not to do so. He could have also filed an appeal after the Magistrate Judge denied his motion for reconsideration. Because Bailey did not present any reasons entitling him to relief from judgment, the District Court did not abuse its discretion in denying his Rule 60 motion.

For essentially the reasons given by the District Court, we will affirm the District Court's May 3, 2005, order.